IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GREYSTONE CONDOMINIUM AT
BLACKHAWK OWNERS ASSOCIATION, INC.,

OPINION AND ORDER

Plaintiff,

19-cv-768-slc

v.

AMGUARD INSURANCE COMPANY,

Defendant.

---

In this civil removal action, plaintiff Greystone Condominium at Blackhawk Owners Association, Inc. has filed a motion requesting that the court set a time within which the parties may demand a jury trial pursuant to Fed. R. Civ. P. 81(c)(3)(A) or order that this case be tried to a jury pursuant to Fed. R. Civ. P. 39(b). Dkt. 27. For the reasons below, I am denying the motion.

## BACKGROUND

Greystone filed this action in the Circuit Court for Dane County, Wisconsin on August 8, 2019; the complaint did not contain a jury demand. AmGUARD removed the action to this court on September 13, 2019. No scheduling conference or pretrial conference was held in state court prior to removal.

AmGUARD answered the complaint on September 20, 2019, and the parties filed a Rule 26 disclosure report on October 17, 2019. The disclosure report stated that the case will be tried to the court. Dkt. 7 at 3-4. Prior to the October 28 preliminary pretrial conference, Greystone notified AmGUARD that the statement regarding the court trial was made in error and that Greystone desired a jury trial. Greystone's counsel, Kevin Scott, avers that he also raised this issue with the court during the conference, but neither party discusses what was said during that

discussion. The October 30, 2019 pretrial conference order set the case for a court trial. Dkt. 8.

Following settlement discussions, AmGUARD filed a motion on March 10, 2020, seeking to enforce what it believed was a binding settlement agreement. Dkt. 12. I denied that motion on April 28, 2020. Dkt. 19. In emails dated May 5 and 7, 2020, Greystone asked AmGUARD to consent to a jury trial, but AmGUARD refused, arguing that the request was improper, untimely, and prejudicial.

## OPINION

Rule 38 of the Federal Rules of Civil Procedure provides that a party may demand a jury trial in writing "no later than 14 days after the last pleading directed to the issue is served" and that a "party waives a jury trial unless its demand is properly served and filed." The "last pleading" referred to in Rule 38 usually means an answer. *McCarthy v. Bronson*, 906 F.2d 835, 840 (2d Cir.1990), *aff'd*, 500 U.S. 136 (1991); Fed. R. Civ. P. 12(a). With respect to removal actions in particular, Rule 81(c)(3)(A) provides the following:

> As Affected by State Law. A party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal. If the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time. The court must so order at a party's request and may so order on its own. A party who fails to make a demand when so ordered waives a jury trial.[1]

---

[1] Rule 81(c)(3)(B) further provides that "[i]f all necessary pleadings have been served at the time of removal, a party entitled to a jury trial under Rule 38 must be given one if the party serves a demand within 14 days after: (i) it files a notice of removal; or (ii) it is served with a notice of removal filed by another party. As AmGUARD points out, because it did not file its answer until after removal, this provision does not apply in this case.

Greystone points out that under Wisconsin law, which is the state law applicable in this case, "[a]ny party . . . may demand a trial in the mode to which entitled at or before the scheduling conference or pretrial conference, whichever is held first." Wis. Stat. § 805.01(2). It argues that because there was no scheduling conference or pretrial conference in state court, it was under no obligation to demand a jury trial prior to removal, meaning that under Rule 81(c)(3)(A), the court *must* set a time within which the parties may request a jury trial.

AmGUARD disagrees, contending that Greystone's reliance on Rule 81(c)(3)(A) is misplaced and ignores the requirements of Rule 38. AmGUARD cites *Kay Beer Distributing, Inc. v. Energy Brands, Inc.*, 2009 WL 1705746 (E.D. Wis. June 12, 2009), in which the district court specifically rejected Greystone's interpretation of Rule 81(c)(3)(A). Like Greystone, the plaintiff in *Kay Beer* argued that "[b]ecause state law did not require an express demand prior to removal of the case, . . . under Rule 81(c)(3)(A) it was not required to make one after removal unless the Court ordered it to do so within a specified time," and "because the Court did not order otherwise, Kay argues that the demand set forth in its amended complaint was timely." *Id.* at *2. On the other hand, Energy Brands argued that

> Rule 81(c)(3)(A) only applies where the law of the state in which the case is removed does not require a party to make a demand at any time. In other words, . . . the question is not *when* a party is required to make a jury demand under the relevant state law, but *whether* it is ever required to do so in the course of state proceedings. If the applicable state law assumes that all cases will be tried by jury unless the parties or court decide otherwise, then Rule 81(c)(3)(A) relieves a party of the obligation to demand a jury after the case is removed to federal court unless the court sets a time within which to do so. Because Wisconsin law does require such a demand, however, . . . Rule 81(c)(3)(A) does not apply.
>
> *Id.*

3

The district court agreed and held that Rule 81(c)(3)(A) only applies when the applicable state law does not require a jury demand at all, and has no application when, as in Wisconsin, the applicable state law requires an express demand, but the time for making the demand has not yet expired when the case is removed. *Id.* (citing *Cross v. Monumental Life Ins. Co.*, 2008 WL 2705134, *1 (D. Ariz. July 8, 2008) (Rule 81 "is poorly crafted")).

I find this reasoning persuasive and find that Rule 81(c)(3)(A) does not apply in this case. *See Perrin v. Dillard's Inc.*, 2018 WL 5281466, at *1 (S.D. Ill. Oct. 24, 2018) ("Rule 81(c)(3)(A) only applies to situations where (1) a party already filed a jury demand in state court, or (2) where the state does not require a written jury demand at all."). In order to preserve its right to a jury trial, Greystone would have had to demand a jury trial within 14 days of the date on which AmGUARD filed its answer (or by October 4, 2019), as required under Rule 38(b). *See Communications Maint. Inc. v. Motorola, Inc.*, 761 F.2d 1202, 1208 (7th Cir. 1985) ("Failure to file timely demand results in waiver of the right."); Wright & Miller, *Federal Practice and Procedure*, § 2321 (1971) (fact that jury trial right arises under Constitution is insufficient to abrogate Rule 38(d) waiver). Not only did Greystone fail to do this, but it expressly waived its right to a jury trial in the Rule 26 report that it filed with the court on October 17, 2019.

Alternatively, Greystone argues that the court should grant a jury trial under Rule 39(b), which provides that when a jury trial is not properly demanded, the court may on a motion, order a jury trial on any issue for which a jury might have been demanded. The Court of Appeals for the Seventh Circuit has held that a district court may grant an untimely demand for a jury "if a good reason for the belated demand is shown." *Olympia Express, Inc. v. Linee Aeree Italiana, S.P.A.*, 509 F.3d 347, 352 (7th Cir. 2007). Courts have considered the following five factors in

making this decision: "(1) whether the issues involved are best tried before a jury; (2) whether the court's schedule or that of the adverse party will be disrupted; (3) the degree of prejudice to the opposing party; (4) the length of delay; and (5) the reason for the movant's tardiness in demanding a jury trial." *Perrin*, 2018 WL 5281466, at *2 (quoting *Early v. Bankers Life & Cas. Co.*, 853 F. Supp. 268, 271 (N.D. Ill. 1994)).

Greystone has not discussed the above factors in any meaningful way. Rather, it argues that a jury trial should be granted because: (1) Rule 81(c)(3)(A) should apply; (2) the court has reviewed and considered the parties' settlement negotiations in ruling on AmGUARD's previous motion to enforce the settlement agreement, such evidence is inadmissible under Rule 408, and the court as the trier of fact is not able to "un-see" that evidence; (3) there is no strong and compelling reason not to grant Greystone's request because trial is almost eight months away and AmGUARD has not identified any prejudice that it will suffer. None of these points constitutes a good reason for Greystone's belated demand.

As AmGUARD points out, this case involves two commercial entities represented by legal counsel, and Greystone's demand comes almost 10 months after it filed its complaint was filed, eight months after AmGUARD served its answer, and seven months after the preliminary pretrial conference. Greystone had ample time and resources to demand a jury trial, and any misreading or ambiguity concerning the application of Rule 81(c)(3)(A) does not change that fact.

Greystone's concern about the court not being able to "un-see" the evidence regarding the parties' past negotiations is both unpersuasive and unfounded. As Greystone recognizes, "as a legal matter the district court is presumed to have considered only relevant and admissible evidence in reaching its factual findings," *Ambrose v. Roeckeman*, 749 F.3d 615, 621 (7th Cir.

2014), so concerns about prejudice are largely abated in a bench trial, *CMFG Life Ins. Co. v. Credit Suisse Secs. (USA) LLC*, 2017 WL 4792253, *10 (W.D. Wis. Oct. 23, 2017). *See also United States v. Shukri*, 207 F.3d 412, 419 (7th Cir. 2000) ("In a bench trial, we assume that the district court was not influenced by evidence improperly brought before it unless there is evidence to the contrary.").

Although Greystone says that it made a mistake in asking for a bench trial in the Rule 26 report, it has not explained why it did not file a jury demand within 14 days of the filing of AmGUARD's answer. "We made a mistake" is not a good reason; "If it were, then there would scarcely be any case where the movant could not satisfy the threshold requirement of stating a good reason, which would be rendered effectively without meaning." *Lowe v. Wal-Mart Stores, Inc.*, 326 F.R.D. 509, 513 (E.D. Wis. 2018). Finally, even though it is not AmGUARD's burden to show prejudice, it reasonably points out that it will be forced to expend additional resources on jury consultants, voir dire preparation, jury instructions, and additional experts that otherwise would not be necessary.

Given Greystone's lengthy delay in requesting a jury trial, its failure to discuss whether the issues in this case are best tried before a jury, the existence of at least some prejudice to AmGUARD, and the absence of a good reason for Greystone's tardiness, I decline to grant a jury trial under Rule 39(b).

**ORDER**

IT IS ORDERED that plaintiff Greystone Condominium at Blackhawk Owners Association, Inc.'s motion for time to demand a jury trial and alternate motion for a jury trial, dkt. 27, is DENIED.

Entered this 27th day of July, 2020.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge