**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| GREYSTONE CONDOMINIUM AT BLACKHAWK OWNERS ASSOCIATION, INC., | ) | |
| Plaintiff, | ) | Case No.: 3:19-cv-00768-SLC |
| v. | ) | |
| AMGUARD INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

**NON-PARTIES ENGLE MARTIN & ASSOCIATES, LLC AND J.S. HELD, LLC'S**
**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION TO QUASH**

NOW COME non-parties Engle Martin & Associates, LLC ("Engle Martin") and J.S. Held, LLC's ("JS Held") (collectively, "Movants"), by and through their undersigned counsel, for their Memorandum of Law in Support of Joint Motion to Quash Subpoenas issued by Plaintiff Greystone Condominium at Blackhawk Owners Association, Inc. ("Greystone" or "Plaintiff") pursuant to Federal Rule of Civil Procedure 45(d)(3)(a), state as follows:

## INTRODUCTION

With less than thirty (30) days before the close of discovery and after having already filed its motion for summary judgment, Greystone seeks to depose non-parties Engle Martin and JS Held, two of Defendant AmGUARD Insurance Company's ("AmGUARD") consultants that assisted in adjusting the underlying fire loss. To be clear, Greystone does not seek to depose those entities regarding their roles in adjusting the fire loss. That occurred months ago when Greystone deposed Engle Martin employee Keith Schmelling and JS Held employee Christopher Smith. Instead, Greystone seeks to depose these entities with respect to Gordon Rees Scully Mansukhani LLP's ("GRSM") representation of Mr. Smith and Mr. Schmelling at their depositions and

with respect to conflict waivers. Both subpoenas should be quashed for at least the following reasons.

First, any knowledge involving GRSM's representation of Mr. Schmelling and Mr. Smith possessed by Engle Martin and JS Held is unquestionably privileged. The same is true with respect to information relating to the topic vaguely listed in the deposition notices concerning "conflict waivers." Second, Greystone has not identified any exception to the attorney-client privilege that would apply in this case, let alone how these depositions are relevant to any claim or defense in this matter. Thus, the depositions place an undue burden on Engle Martin and JS Held. Indeed, the only explanation for these depositions is that Greystone is attempting to smear the reputation of GRSM and its counsel by suggesting there is a conflict of interest, which Greystone lacks standing to assert, and is not a basis to invade the sanctity of the attorney-client privilege in any event. Third, the depositions are duplicative and, therefore, unduly burdensome on Engle Martin and JS Held for this additional reason. For these and all of the reasons discussed below, Engle Martin and JS Held respectfully request that the subpoenas issued to each of them be quashed.

## FACTUAL BACKGROUND

This dispute arises out of Greystone's claim for insurance coverage in connection with a fire that occurred on August 13, 2018 and damaged a condominium building managed by Greystone. In connection with the fire loss, AmGUARD retained Engle Martin to assist with the investigation and adjustment of the loss and retained JS Held to provide evaluations of the scope and repair cost of the fire damaged property. Neither Engle Martin nor JS Held are parties to this lawsuit and have not asserted any claims against any party to this lawsuit, nor have any claims been asserted against Engle Martin or JS Held.

On July 2, 2020, Greystone took the deposition of Mr. Smith, a JS Held employee who was primarily responsible for preparing two evaluations regarding the scope and repair cost of the fire damaged property for AmGUARD. (*See* Deposition Transcript of Christopher Smith, taken on July 2, 2020, attached hereto as Exhibit A.) On September 10, 2020, Greystone took the deposition of Mr. Schmelling, the Engle Martin employee that was primarily responsible for assisting with the investigation and adjustment of the claim on behalf of AmGUARD. (*See* Deposition Transcript of Keith Schmelling, taken on September 10, 2020, attached hereto as Exhibit B.)

On October 29, 2020, Greystone sent the subpoenas at issue in this motion via email to GRSM. (*See* October 29, 2019 email and Subpoenas to JS Held and Engle Martin, attached hereto as Exhibits C-E.) The subpoena issued to Engle Martin seeks the deposition of the officer(s), director(s), managing agent(s), or other person(s) at Engle Martin most knowledge about:

> AmGUARD'S criticisms of Engle Martin's work during the adjustment of the underlying claim, including any delays in reporting information about the claim to AmGUARD; Gordon Rees Scully Mansukhani's representation of Engle Martin in this litigation; and conflict waivers….

(*See* Ex. D.)

The subpoena issued to JS Held similarly seeks the deposition of the officer(s), director(s), managing agent(s), or other person(s) at JS Held most knowledge about:

> AmGUARD'S criticisms of J.S. Held's work during the adjustment of the underlying claim, including its analysis of the Miller Public Adjusters revised supplemental estimate and any delays by J.S. Held in providing that or other information to AmGUARD; Gordon Rees Scully Mansukhani's representation of JS Held in this litigation; and conflict waivers….

(*See* Ex. E.)

On November 11, 2020, GRSM sent a letter to Greystone's counsel on behalf of Engle Martin and JS Held requesting a meet and confer to address their concerns regarding the subpoenas and requested that they be withdrawn. (*See* November 11, 2020 letter, attached hereto as Exhibit

F.) After discussion, Greystone was unwilling to withdraw the subpoenas or modify them in any way. Consequently, Engle Martin and JS Held were forced to protect themselves by filing the instant motion.

## ARGUMENT

### Standard

Rule 45(d)(3) provides that a subpoenaed third-party may move to quash a subpoena in the "court for the district where compliance is required." *See* Fed. R. Civ. P. 45(d)(3). In considering such motions, a number of courts in the Seventh Circuit have held that nonparties deserve extra protection from the courts. *U.S. v. Dean Foods Co.*, No. 10-CV-59, 2011 WL 9161 at *1, fn. 1 (E.D. Wis. Jan. 3, 2011) ("The court recognizes that generally non-parties 'are not treated exactly like parties in the discovery context … and … non-parties are entitled to somewhat greater protection") (*quoting Patterson v. Burge*, No. 03-C-4433, 2005 WL 43240 at *1 (N.D. Ill. Jan. 6, 2005)); *Robinson v. Morgan Stanley*, No. 6 C 5158, 2010 WL 1005736 at *203, 2010 U.S. Dist. LEXIS 25073 at *6-7 (N.D. Ill. Mar. 17, 2010) ("In keeping with the text and purpose of Rule 45(c)(3)(A), it has been consistently held that 'non-party' status is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue.")

"Indeed, while parties must accept the burdens of litigation, non-parties have different expectations." *Parker v. Four Seasons Hotels, Inc.*, 291 F.R.D. 181, 188 (N.D. Ill. 2013). "As such, courts give special weight to the unwanted burdens thrust upon non-parties when balancing competing needs." *Id.* And while on a motion to quash a subpoena the moving party has the burden of persuasion, the party issuing the subpoena must still demonstrate that the discovery is relevant. *Wauchop v Domino's Pizza, Inc.*, 138 F.R.D. 539 (N.D. Ind. 1991) ("The burden of persuasion in a motion to quash a subpoena… is borne by the movant"); Fed. R. Civ. P. 26(b)(1)

(discovery is civil cases is limited to information "that is *relevant* to any party's claim or defense…") (emphasis added).

## I. THE DEPOSITION SUBPOENAS MUST BE QUASHED BECAUSE THEY SEEK INFORMATION PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE, IMPOSE AN UNDUE BURDEN AND ALSO SEEK DUPLICATIVE TESTIMONY.

### A. The Subpoenas Seek Attorney-Client Privileged Information.

Pursuant to Rule 45, Greystone's subpoenas to Engle Martin and JS Held seek privileged information and must be quashed. Discovery in civil cases is limited to "*nonprivileged* matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) (emphasis added). The court for the district where compliance is required *must* quash or modify a subpoena that, like here, "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A).

The attorney-client privilege is the "oldest of the privileges… known to the common law," *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981), and is widely recognized as playing a "vital role" in the administration of justice. *Am. Nat. Bank and Trust Co. of Chi.v. Equitable Life Assur. Soc. of U.S.*, 406 F.3d 867, 878 (7th Cir. 2005). It therefore "remains one of the most carefully guarded privileges and is not readily to be whittled down." *Swidler & Berlin v. U.S.*, 524 U.S. 399, 403 (1998). As such, if a party demonstrates that the attorney-client privilege applies, the privilege affords all communications between attorney and client absolute protection from disclosure. *U.S. v. Lawless*, 709 F.2d 485, 487 (7th Cir. 1983) (privileged information is permanently protected unless waived).

Greystone, on the face of the subpoena, seeks to depose Engle Martin and JS Held with respect to GRSM's representation of Mr. Schmelling and Mr. Smith at their depositions, as well as about "waivers of conflict." (See Ex.'s D and E.) This information—consisting of confidential

communications made for the purposes of giving and receiving legal advice about their depositions—falls squarely within the scope of the attorney-client privilege under Wisconsin law. *See* Wis. Stat. § 905.01(1)(d). Engle Martin and JS Held's relevant knowledge about the litigation between AmGUARD and Greystone was gained in the course of GRSM's representation of Mr. Schmelling and Mr. Smith in this litigation. Under Wisconsin law, privilege unquestionably attaches to these communications, particularly since Greystone has not identified an exception that applies here.[1] Accordingly, because Greystone's subpoenas seek to depose Engle Martin and JS Held regarding privileged information, they must be quashed. *See* Fed. R. Civ. P. 45(d)(3)(A)(iii) (requiring that the court "*must* quash a subpoena seeking privileged information") (emphasis added).

**B. The Subpoenas Impose an Undue Burden on Engle Martin and JS Held.**

Under Rule 45(d)(3)(A)(iv) and Rule 45(d)(1), a party employing the subpoena power of a court "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. *See* Fed. R. Civ. P. 45(d)(3)(A)(iv) and Fed. R. Civ. P. 45(d)(1). When considering whether a subpoena violates Rule 45's "undue burden" prohibition, courts may account for the scope of discovery permitted by Rule 26. *See* Fed. R. Civ. P. 26(b)(1). For example, although irrelevance is not among the litany of enumerated reasons for quashing a subpoena found in Rule 45, courts have incorporated relevance as a factor when determining motions to quash a subpoena, particularly when considering "undue burden." *Vike v. Coopman*, 08-cv-486-bBC, 2009 WL 3321018, at *1 (W.D. Wis. Oct. 14, 2009).

Here, Greystone's subpoenas should be quashed because they impose an undue burden on Engle Martin and JS Held. On their face, the subpoenas seek testimony regarding GRSM's

---

[1] This should come as no surprise to Greystone since it attempted to try to get Mr. Smith to waive the privilege during his deposition by telling him he did not have to follow the advice of his counsel. (*See* Ex. A. at 9:9-19.)

representation of Mr. Schmelling and Mr. Smith at their depositions, along with the issue of conflict waivers, which is not relevant to any claim or defense in this case, thus imposing an undue burden on Engle Martin and JS Held. *See Vike*, 2009 WL 3321018, at *1 ("Because the information plaintiff seeks is irrelevant to any issue in this case, any burden that would be imposed upon the witness in this case is more than is warranted. (internal citation omitted) In other words, it is an undue burden to require Knutson to testify about and produce documents related to irrelevant information."). In the absence of any reason how the testimony sought pertains to any issue or defense in this case, the subpoenas place an undue burden on Engle Martin and JS Held and should be quashed.

### C. The Subpoenas Seek Testimony Already Provided Or That Could Have Been Provided.

Although Greystone will argue that at least one of the topics listed in each of the subpoenas does not involve matters of attorney-client privilege and are relevant to the issues in the case, this contention too should be rejected because these subjects were previously covered (or could have been covered) at the depositions of Mr. Schmelling and Mr. Smith. Because the subpoenas seek duplicative testimony, they impose an undue burden on Engle Martin and JS Held, such that the subpoenas should be quashed.

For example, Greystone, through its counsel, covered the issue of "criticisms of J.S. Held's work during the adjustment of the underlying claim, including its analysis of the Miller Public Adjusters revised supplemental estimate and any delays by J.S. Held in providing that or other information to AmGUARD" at the deposition of Mr. Smith. (*See* Smith Dep. Tr., Ex. A at 25:16-25; 122:5-23.) There simply is no reason to have another representative of JS Held testify as to the same facts and to require as much would place an undue burden on JS Held.

On the flipside, the issue of "criticisms of Engle Martin's work during the adjustment of the underlying claim, including any delays in reporting information about the claim to AmGUARD" was an issue that could have been covered at Mr. Schmelling's deposition or at any of one of the numerous depositions taken of AmGUARD's witnesses, yet Greystone elected not to do so. Furthermore, the issue of "criticisms of Engle Martin's work" is a red-herring since Engle Martin is unaware of any such criticisms. A second deposition of Engle Martin to address issues that could have addressed at Mr. Schmelling's deposition and on a subject it has no knowledge is unwarranted and imposes an undue burden on Engle Martin. It is a second bite at the apple that unfairly falls on Engle Martin.

Under Rule 26(b)(2)(C), the court must limit the frequency or extent of all discovery if it determines the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive, or the party seeking discovery has had ample opportunity to obtain the information by discovery in the action. *See* F. R. Civ. P. 26(b)(2)(C). Specifically, as it relates to discovery of non-parties, courts recognize that duplicative discovery of a non-party, where the materials sought are also available from a party to the case (in this case, AmGUARD), is inherently burdensome. *See, e.g., Tresona Multimedia, LLC v. Legg*, 2015 WL 246823, at *2-3 (holding that "[a] non-party subpoena seeking information that is readily from a party through discovery may be quashed as duplicative or cumulative"). This has been described as a "general rule" in the federal courts "that a discovery request on a nonparty which seeks information readily available to a party should be quashed." *Nachurs Alpine Sols., Corp. v. Nutra-Flo Co.*, 2017 WL 1380460, at *6 (N.D. Iowa, Apr. 17, 2017).

The overarching issue is that Greystone has had more than ample time to pursue this discovery from AmGUARD, which would have avoided burdening non-parties like Engle Martin and JS Held, but it has not taken any steps to do so. Greystone instead waited until the last minute to issue a flurry of subpoenas to Engle Martin and JS Held in an effort to take their deposition a second time on topics already covered, that could have been covered or could be covered in a deposition with AmGUARD. Enough is enough. The subpoenas are duplicative, impose an undue burden on Engle Martin and JS Held and should be quashed.

## CONCLUSION

For all the foregoing reasons, Engle Martin & Associates, LLC and J.S. Held, LLC respectfully request that the Court grant their Joint Motion and quash the subpoenas issued to them, and for any such further other relief as the Court deems necessary.

Dated: November 13, 2020

Respectfully submitted,

*/s/ Craig A. Jacobson*

Ryan T. Brown
Craig A. Jacobson
Geoffrey J. Repo
Gordon Rees Scully Mansukhani LLP
One North Franklin, Suite 800
Chicago, IL 60606
Telephone: (312) 980-6784
Facsimile: (312) 565-6511
*rtbrown@grsm.com*
*craig.jacobson@grsm.com*
*grepo@grsm.com*

*Attorneys for Engle Martin & Associates, LLC and J.S. Held, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2020, a copy of the foregoing document was filed electronically. Notice of this filing will be served on all parties of record by operation of the Court's electronic filing system.

*/s/ Craig A. Jacobson*

Craig A. Jacobson
Gordon Rees Scully Mansukhani LLP
One North Franklin, Suite 800
Chicago, IL 60606
Telephone: (312) 980-6784
Facsimile: (312) 565-6511
craig.jacobson@grsm.com

*Attorneys for Engle Martin & Associates, LLC and J.S. Held, LLC*