IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GREYSTONE CONDOMINIUM AT
BLACKHAWK OWNERS ASSOCIATION, INC.,

                      Plaintiff,

  v.

AMGUARD INSURANCE COMPANY,

                      Defendant.

ORDER

19-cv-768-slc

---

Before the court is Greystone's motion to compel AmGUARD to produce documents in response to plaintiff's Third Set of Requests for Production served on or about September 8, 2020. Dkt. 47. These documents fall into three categories: (1) pleadings and deposition testimony from other litigation matters involving William Ardoline, the claims adjuster who handled Greystone's claim; (2) personnel files and performance evaluations of Ardoline and four other AmGUARD employees who reviewed Greystone's claim, as well as information regarding compensation structures; and (3) copies of all reports AmGUARD received over the last five years from consultants J.S. Held and Young & Associates in other insurance claims. AmGUARD has not produced any of the requested documents, objecting to production on grounds of relevance, proportionality and undue burden. Dkt. 68.

The parties agree that Fed. R. Civ. P. 26(b)(1) provides the relevant test. Applying this test, I am denying Greystone's motion, except for one small part.

With respect to Category (1), Greystone points out that Ardoline testified at his deposition that, in his five years at AmGUARD, he has been deposed five other times in cases in which AmGUARD was being sued for breach of contract or bad faith based on Ardoline's handling of the claim file, but he couldn't recall any details of those depositions, including when

or where they occurred. Greystone argues that it needs Ardoline's prior testimony in these cases to assess his credibility and "identify any patterns or practices in the manner with which he handles insurance claims." Br. in Supp., dkt. 48, at 8.

For discovery purposes I will grant this request in a limited fashion: in any of the cases in which Ardoline was deposed, if there actually was a court finding or a jury verdict of bad faith against AmGUARD based on Ardoline's conduct, then AmGUARD must disclose the fact of this finding or verdict along with copies of Ardoline's deposition and/or trial testimony. Cases in which there was no finding of bad faith are irrelevant and need not be disclosed. Bad faith is easy to allege, harder to prove. Even in an Ardoline case in which AmGUARD was found to have acted in bad faith–if there is such a case–the evidence is unlikely to pass muster under F.R. Ev. 404(b). But because Greystone must prove AmGUARD's subjective intent in order to prevail on its bad faith claim, I will allow Greystone to discover if such evidence exists. The parties then may argue whether it is admissible and relevant to the issues remaining for trial.

With respect to Category (2), Greystone claims that it is entitled to discovery of the key players' personnel files and bonus structures because it has reason to believe–based on its attorneys' handling of other claims against AmGUARD and discussions with other lawyers–that AmGUARD has a "pattern or practice of rejecting expert reports and lowballing property claims," and that the evidence it seeks would allow it to confirm this. This is a Great Lakes sized fishing expedition that I will not permit. Greystone did not allege any "pattern or practice" in its complaint, nor does it cite any testimony from any of the witnesses it deposed in this case to support its theory. The vague hearsay and undetailed anecdotes it puts forth are little more than speculation that do not justify the burden that its discovery requests would place on AmGUARD.

As for Category (3), Greystone argues that exemplar reports from J.S. Held and Young & Associates are relevant to challenge the credibility of AmGUARD's contention that it rejected reports from these firms in Greystone's case because they did not comply with AmGUARD's expectations. Whatever infinitesimal relevance such documents might have for impeachment purposes–if in fact they were to be impeaching, which is merely conjecture–is outweighed by the burden of production. The likelihood that any of the reports sought by Greystone would be a close enough match to be relevant to this lawsuit is too small to justify disclosure.

**ORDER**

IT IS ORDERED that plaintiff Greystone Condominium at Blackhawk Owners Association, Inc.'s motion to compel discovery, dkt. 47, is granted in one small part and otherwise denied, as set forth above.

Entered this 19th day of January, 2021.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge