IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

GREYSTONE CONDOMINIUM AT
BLACKHAWK OWNERS ASSOCIATION, INC.,

ORDER

Plaintiff,

19-cv-768-slc

v.

AMGUARD INSURANCE COMPANY,

Defendant.

This case is scheduled for an in-person court trial on March 3, 2021. Defendant has moved under Fed. R. Civ. P. 43 for an order allowing four out-of-state trial witnesses to testify by videoconference, arguing that the ongoing COVID-19 pandemic constitutes "good cause and compelling circumstance" for such an order. Dkt. 116. Plaintiff concedes that video testimony is appropriate for one of these witnesses (who is pregnant and due in March), but objects to the others, arguing that the court won't be able to properly assess these witnesses' testimony unless it sees them in person. In addition, it accuses defendant of duplicity given that it pressed for in-person depositions. Dkt. 117.

For reasons set forth below, not only will the court allow defendant to present the specified witnesses to testify by Zoom, the *entire trial* must be done by Zoom on March 3, 2021, or it must be postponed until the fall.

Let's start with the motion actually before the court. Plaintiff's two arguments against video testimony are not persuasive. First, the information available to the court does not establish defendant's purported duplicity. Plaintiff does not suggest that any of the witnesses whom defendant deposed in person had to travel via air or were from states with post-travel testing and quarantine mandates like the New York and Pennsylvania witnesses at issue here.

Second, and more importantly, I completely disagree with plaintiff's assertion that "the ability of the Court to evaluate the witnesses face-to-face in a live trial setting is crucial to the resolution of this matter." Dkt. 117, at 4. To the contrary, during the pandemic I have routinely employed Zoom to conduct contested evidentiary hearings where witness credibility was at issue. Although the experience is different from being in a courtroom, it is not less accurate: I have had no difficulty evaluating witness' credibility. As other courts have observed, "the instantaneous transmission of video testimony permits the Court and counsel to view a witness live, 'along with his hesitation, his doubts, his variations of language, his confidence or precipitancy, [and] his calmness or consideration[.]'" *Gould Elecs. Inc. v. Livingston Cty. Rd. Comm'n*, 470 F. Supp. 3d 735, 743 (E.D. Mich. 2020) (quoting *In re RFC & ResCap Liquidating Trust Action*, 444 F. Supp. 3d 967, 970 (D. Minn. Mar. 13, 2020)). This court's own experience confirms this observation. Whether on Zoom or in the courtroom, the witness is testifying "live," and this court is well-equipped to evaluate his or her credibility. Nothing in the court's summary judgment order should be understood to suggest otherwise.

Accordingly, *if* an in-person trial was to occur as scheduled on March 3, then this court would grant defendant's request and permit the out-of-state witnesses to testify via Zoom. But we cannot conduct an in-person trial on March 3because of space limitations militated by this court's COVID safety procedures. Because our courthouse is so small, during the pandemic, the entire court can try only one case at a time. As of today, February 16, 2021, there are two jury trials scheduled for the week of March 1, one for each of our district judges, neither of which will conclude by March 3: *United States v. Jackson*, 20-cr-12-wmc, and *Sheridan v. Wisconsin Central, Ltd.*, 19-cv-871-jdp. The parties for both sides in both cases report that they are definitely going

to trial. One of them will have to cede to the other, but both cases have priority over this case. The fact that this is a bench trial doesn't help: given the requirements of social distancing and adequate air flow, we don't have a spare room in the building that is big enough even for a non-jury trial. This means that this case cannot be tried in person the week of March 1, 2021. In fact, as a result of a year of criminal and civil trial postponements court-wide, it is highly unlikely that an open spot will be available for this trial until the end of the summer.

Here's the choice: we can try the entire case by video starting March 3, 2021 or we can push the in-person trial back to September 2021. The parties must advise the court not later than February 22, 2021, which option they prefer. If the parties don't agree, then the court reserves the right to choose which option to pursue, taking into account the requirements of F.R. Civ. Pro. 1. The court will advise the parties by February 24 what it decides.

Entered this 16th day of February, 2021.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge